# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY WEST ENTSMINGER, | 3:16-cv-00555-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 63 |
| ARANAS, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 63). Plaintiff bases his motion on (1) the fact that he has been granted in forma pauperis status and is unable to afford counsel, (2) that the substantive issues and procedural matters in this case are too complex for Plaintiff's comprehension and abilities, and (3) that Plaintiff's incarceration will greatly limit his ability to effectively litigate his case. (*Id.*) Plaintiff further states his case "requires extensive documentary discovery, deposition of prison officials, including the ex-governor who was an attorney general, a federal judge, and not President of the Board of Regents, possibly a presidential candidate." (*Id.* at 6.)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

///

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 3, 4, 5, 6, 7, 8, 9, 18, 33, 42, 44, 56, 63, 64, 65.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Despite Plaintiff's characterization of this action as being complicated, the substantive claims involved in this action are not unduly complex. Plaintiff's Second Amended Complaint was allowed to proceed on the portion of Count I alleging denial of access to the courts against Defendants Jane/John Does, the portion of Count I alleging legal mail violations against Defendant Hollman and Jane/John Does, Count II alleging retaliation against Defendants Dr. Vanhorn, Keast, Jacobs, Missy (dental assistant), Dr. Yup, McBroom, Moyle, Navarro, Walsh, Dr. Aranas, and Austin, Count III alleging deliberate deliberate indifference to serious medical needs against Defendants Dr. Johns, Nurse Kathy, Melissa Mitchell, Keast, Baca, and Aranas, Count IV alleging deliberate indifference to serious dental needs against Dr. Remsen, Ilene Sanborne, Keast, Lois Elliott, Dr. Vanhorn, Missy (dental

| | |
|---|---|
| 1 | assistant), Perry, Linda Grankowski, Aranas, Jacobs, Dr. Yup, Dr. Peterson, Jenifer (dental assistant), |
| 2 | Summer (dental assistant), Dr. Swope, Snider, and Dr. Bannister, Count V alleging conspiracy against |
| 3 | Defendants Sandoval, Miller, Masto, Laxalt, Cegavske, Clinger, Wilden, Aranas, Bannister, Jacobs, |
| 4 | Keast, Nurse Sunshine, Reynolds, Haycock, Cox, and Dzurenda, Count VI alleging equal protection |
| 5 | violations based on delaying/denying health care to sex offenders against Defendants Missy (dental |
| 6 | assistant), Ilene Sanborne, Nurse Sunshine, Jenifer (dental assistant), Perry, Keast, Jacobs, Dr. Yup, |
| 7 | Dave (clinic supervisor), Laura (dental assistant), and Alisha (dental assistant), portion of Count VII |
| 8 | alleging due process violations for gold fixtures against Defendants Dr. Remsen, Keast, Aranas and Cox, |
| 9 | portion of Count VII alleging due process violations related to inmate trust accounts against Defendants |
| 10 | Missy (dental assistant), Sanborne, Lara (dental assistant), Dave (clinic supervisor), Melissa Mitchell, |
| 11 | Candice (clinic supervisor), Jacobs, Keast, Nurse Sunshine, Reynolds, Haycock, Cox and Aranas, |
| 12 | Count VIII alleging state statutory violations against Defendants Dr. Yup, Dr. Swope, Dr. Vanhorn, |
| 13 | Dr. Peterson, Dr. Remsen, Cox, Perry, Snider, Jacobs, Keast, Missy (dental assistant), Sanborne, |
| 14 | Lara (dental assistant), Dave (clinic supervisor), Melissa Mitchell, Candice (clinic supervisor), |
| 15 | Nurse Sunshine, Reynolds, Haycock, Sandoval, Miller, Masto, Aranas and Bannister. (ECF No. 21 at |
| 16 | 20, 21.) |

Again, despite the numerosity of claims and Defendants, these claims are not so complex that counsel needs to be appointed to prosecute them. Plaintiff has repeatedly demonstrated an ability to represent his interests, as his lengthy and detailed motion for the appointment of counsel itself demonstrates.

Similarly, with respect to the *Terrell* factors, Plaintiff has again failed to convince the court of the likelihood of success on the merits of his claims.

While any *pro se* inmate such as Mr. Entsminger would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)].

Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 63).

**IT IS SO ORDERED.**

DATED: June 4, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE