# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GREGORY WEST ENTSMINGER,

    Plaintiff

v.

ROMEO ARANAS, et. al.,

    Defendants

Case No.: 3:16-cv-00555-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 118

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is Plaintiff's Emergency Motion for a TPO/TRO. (ECF No. 118.) Plaintiff requests an order that maintains the status quo with respect to his housing, his legal and personal property, his classification status, and his job assignment. Plaintiff requests relief that is ancillary to the claims proceeding in this action; therefore, it is recommended that the motion be denied.

## I. BACKGROUND

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 18.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

    The court screened the SAC and allowed Plaintiff to proceed with the following claims: (1) an access to courts claim in Count I based on allegations that he attempted to file a section

1983 lawsuit based on the denial of dental care but could not do so because the library was

closed to him but not to others, and as such, he missed his filing deadline; (2) a First Amendment

legal mail claim in Count I based on allegations that Hollman opened his mail from the ACLU,

and that unknown officials opened his legal mail from lawyers on December 19, 2013; (3) a

retaliation claim in Count II based on allegations that certain defendants declined to treat

Plaintiff's dental issues unless Plaintiff withdrew his grievance, and then they refused to treat his

dental issues because of his grievances; (4) an Eighth Amendment deliberate indifference to

serious medical needs claim in Count III based on allegations that after he injured his wrists,

prison officials delayed scheduling the necessary appointments to fix his wrists, delayed

scheduling his ear infection appointments, and seemed to intentionally fail to respond to his pain

needs after wrist/hi surgery; (5) an Eighth Amendment deliberate indifference to serious medical

needs claim in Count IV based on allegations that he had to wait years for emergency dental care

and they refused to address his pain; (6) a conspiracy claim in Count V against based on

allegations that they had a policy to deny or delay dental care for inmates; (7) an equal protection

claim in Count VI based on allegations that they delayed medical and dental treatment for

inmates convicted of sex offenses with no rational basis; (8) a due process claim in Count VII on

allegations that Dr. Remsen took Plaintiff's gold crown and bridge based on a policy created by

Keast, Aranas and Cox, and a due process claim based on allegations that they charged him for

medical and dental visits that they cancelled and he was not reimbursed; and (9) state statutory

violations in Count VIII. (ECF No. 21.)

## II. DISCUSSION

In seeking injunctive relief, "there must be a relationship between the injury claimed in the

motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific*

*Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015) (adopting the rule from *Devose v. Herrington*, 42 F.3d 740, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id*. "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id*. (citation and quotation marks omitted).

Here, Plaintiff seeks an order that Defendants maintain the status quo with respect to his housing, his legal and personal property, his classification status, and his job assignment. While Plaintiff is proceeding with a retaliation and a property claim, there is not a sufficient nexus between the requested injunctive relief and the claims proceeding in this action. Therefore, it is recommended that Plaintiff's motion be denied.

### **III. RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's Emergency Motion for a TPO/TRO (ECF No. 118).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 27, 2019

William G. Cobb
United States Magistrate Judge