UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GREGORY WEST ENTSMINGER,

Plaintiff,

v.

ROMEO ARANAS, *et al.*,

Defendants.

Case No. 3:16-cv-00555-MMD-WGC

ORDER

## I. SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 120) ("R&R"), recommending denial of Plaintiff's emergency motion for temporary restraining order (the "Motion") (ECF No. 118). Plaintiff filed an objection to the R&R ("Objection").[1] (ECF No. 122.) As discussed further below, the Court agrees with Judge Cobb's reasoning and adopts the R&R in full.

## II. DISCUSSION

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also*

---

[1]The Court has also reviewed Defendants' response (ECF No. 134).

*United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Plaintiff's objection to the R&R, this Court has engaged in a *de novo* review to determine whether to adopt the R&R. Plaintiff's Motion requests an order that maintains the status quo with respect to his housing, his legal and personal property, his classification status, and his job assignment. (ECF No. 118 at 1.) Judge Cobb found that the requested relief is ancillary to the claims in Plaintiff's Complaint (ECF No. 120 at 2), which the Court agrees. Accordingly, Judge Cobb recommended denying the Motion because Plaintiff has not demonstrated the requisite "nexus between claims raised in the motion and the claims set forth in the underlying complaint itself." (ECF No. 120 at 3 (citing to *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).) Plaintiff objects that there is sufficient nexus because the Motion seeks "to prevent ongoing retaliation for the First Amendment activities." (ECF No. 122 at 4.) But Plaintiff's argument is too broad to sufficiently demonstrate the requisite nexus to (1) his First Amendment claim that prison officials opened his legal mail, or (2) his retaliation claim that certain defendants refused to provide Plaintiff dental treatment because he filed a grievance. (*See* ECF No. 21 at 20.) Moreover, the Court finds that Plaintiff provides no evidence of such nexus. Plaintiff also attempts to distinguish his case from *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631 (9th Cir. 2015) (ECF No. 122 at 4), but the Ninth Circuit has recently applied that legal standard to the context of a prisoner's civil rights action. *See Friedman v. Woods*, 787 F. App'x 966 (9th Cir. 2019) (affirming denial of a preliminary injunction where prisoner failed to establish a relationship between the

///

///

///

requested injunctive relief and the underlying retaliation claims in the complaint).[2]
Accordingly, the Court will deny the Motion.

**III. CONCLUSION**

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 120) is accepted and adopted in its entirety.

It is ordered that Plaintiff's emergency motion for temporary restraining order (ECF No. 118) is denied.

DATED THIS 27th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Ninth Circuit Rule 36-3, *Friedman*, 787 F. App'x 966 is not precedent, but may be cited by this Court. *See* FRAP 32.1 The Court accordingly cites *Friedman* not for its precedential value, but because the Court finds the Ninth Circuit's reasoning on a similar point of law persuasive.