# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY WEST ENTSMINGER,

    Plaintiff,

v.

ROMEO ARANAS, *et al.*,

    Defendants.

Case No.: 3:16-cv-00555-MMD-WGC

**ORDER**

Re: ECF Nos. 119 & 126

Before the court are Plaintiff's Motion to Extend the Discovery Deadline (ECF No. 119) and Plaintiff's Motion to Compel (ECF No. 126). [1] Although Plaintiff's motion to extend discovery is scheduled to be addressed at this court's discovery conference on February 26, 2020, at 10:00 a.m. (ECF No. 128), the court will make a few preliminary observations about Plaintiff's motion to extend discovery and will also rule in this Order on Plaintiff's companion motion to compel (ECF No. 126), to which Defendants have responded in ECF No. 141.

As Plaintiff's motion (ECF No. 119) acknowledges, when granting Plaintiff's prior motion to extend the discovery deadline, the court admonished Plaintiff that it would not grant any further

---

[1] Defendants opposed Plaintiff's motion to extend the deadline for discovery (ECF No. 125), which opposition Plaintiff contended was filed untimely in his motion to strike (ECF No. 127). The court denied Plaintiff's motion to strike Defendants' opposition and the opposition remains on the court's docket. (ECF No. 132.) As of the date of this order, however, Plaintiff has not filed a reply to Defendants' opposition (ECF No. 125) to his request to extend the discovery deadline.

extensions "barring unforeseen and extenuating circumstances." (ECF No. 102; ECF No. 119 at 2.) Plaintiff's explanation of such "unforeseen and extenuating" circumstances appears to be based on the Defendants' alleged failure to respond to certain discovery. The discovery which Plaintiff claim remains unanswered is encompassed in Plaintiff's Motion to Compel (ECF No. 126). The court concludes that much of his blunderbuss discovery contained in ECF No. 126 is overbroad, not specifically designed for any particular Defendant and not proportional to the needs of the case. As such, the unanswered discovery upon which Plaintiff's motion to extend the discovery deadline is predicated is unpersuasive.

With respect to Plaintiff's motion to compel, the discovery which is the subject of Plaintiff's motion is untimely as each discovery request was not served sufficiently in advance (30 days minimum) of the discovery deadline (January 16, 2020) to enable Defendants to respond within the time set for the discovery deadline. (ECF No. 102.) Plaintiff's discovery documents were each dated 11/16/19 but not mailed until the 17th (ECF No. 141-2 at 11), 18th (ECF No. 141-3 at 7) and 19th (ECF No. 141-4 at 10) of December. Under Fed. R. Civ. P. 5(b)(2)(C), service is complete upon the mailing date, particularly when the additional 3 days for mailing under Rule 6(d) is taken into account.[2]

But even if Plaintiff's discovery was timely served, the court still finds them to be objectionable. Plaintiff's request for production is directed to "all defendants," yet many requests

---

[2] The court is aware of the "prisoner mailbox" rule which deems documents served upon the date the inmate delivered the documents to prison officials. *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995). Assuming the materials were delivered on the postmark dates (ECF No. 141 at 4), even under the "mailbox rule" the service was untimely insofar as the discovery deadline is concerned.

indeed, if not all, pertain at best to only certain Defendants, certainly not all Defendants.[3] (ECF No. 126 at 12-17, setting forth 69 requests for production to *all* Defendants.) For example, request for production No. 8 seeks "the NNCC governors monthly facility reports for each month "for the years 2008 to present." (ECF No. 126 at 12.) At best, this request could only pertain to former Nevada Governor Sandoval, not all Defendants. Another example would be request for production No. 16, "class specifications and post order for the law library." (*Id*. at 13.) Yet another would be request for production No. 67, "any and all digital or other archives of browser historys (sic) or logs of medical staff, including searches done on NDOC computers." (*Id.* at 17.) The court could probably point to each and every request in Plaintiff's request for production as being overbroad, burdensome and not proportional to the needs of his case.

Plaintiff's motion to compel also included a set of interrogatories, which although much more limited in scope, still are not tailored to the specific Defendant (among 40+) to whom a question was targeted. While interrogatory Nos. 1-4 could be considered marginally relevant, most others are totally extraneous to the issue of § 1983 liability presented by Plaintiff's claims which survived screening. (ECF No. 21.)

For example, interrogatory No. 6 asks "in what ways did your interactions with the State of Nevada have any effect on prisoners, directly or indirectly, no matter how remote, who were detained within the Nevada Department of Corrections (NDOC)." Interrogatory No. 8 asks each Defendant to "identify any and all pertinent documents, things, or the identity of persons with

---

[3] Defendants argue Plaintiff's discovery should have named each defendant to whom the discovery was intended, citing Rule 34(a)'s reference to discovery upon "parties." Not naming each defendant as a "party" upon whom Plaintiff's discovery was served is not fatal to Plaintiff's discovery as it is apparent his requests for production and interrogatories were meant to apply to *all* defendants – which is the substantive problem with Plaintiff's discovery.

3

knowledge of facts related to this action." Interrogatory No. 10 inquires whether "were you personally aware of or did you ever hear of retaliation against prisoners who filed grievances or lawsuits by state officials or prison officials and staff." Last among the court's examples is interrogatory No. 12, which asks "what is your contention about the amount of funding or resources provided to the NDOC, regardless of your duties or the Legislatures note, which affects prisoners (sic) health care." (ECF No. 126 at pp. 22-23.) This type of discovery cannot under any interpretation be considered relevant or proportional to the multitude of claims Plaintiff himself has chosen to assert in this case.

The Plaintiff's motion to compel includes only one set of request for admissions to a party, i.e., to Dr. Johns. While at least these were addressed to a specific named Defendant, 71 requests for admissions seem totally disproportionate to the claims asserted against Dr. Johns, who is named only in Count III (among eight counts). The claims against Dr. Johns relate primarily to the allegedly untimely treatment of Plaintiff's wrist injuries, whom he saw on May 27, 2014, following his accident on the previous day. Dr. Johns referred Plaintiff to an outside specialist, an orthopedist (Dr. Long), whom he saw on June 2, 2014. Dr. Johns then referred Plaintiff to another specialist, but Dr. Johns first ordered x-rays. After certain delays, Plaintiff had surgery on his wrist on January 13, 2015. (ECF No. 21 at pp. 10-12.)

In this context, many of Plaintiff's requests for admissions to Dr. Johns are also not germane to his claims against her. For example, request for admissions No. 9 (ECF No. 126 at 27) inquires about John Keast's employment at NDOC, which would not be relevant to an alleged Eighth Amendment claim against Dr. Johns. Request for admissions Nos. 35, 36 and 37 about whether Dr. Johns read Dr. Gedney's (former NDOC doctor) book adds little to the liability

4

asserted against Dr. Johns. In request for admission No. 48, Plaintiff asks whether Nurse Mitchell was "vindictive" toward prisoners which inquiry has no bearing on the medical care Dr. Johns provided to Plaintiff. Request for admission No. 69, other than perhaps suggesting that Dr. Johns might blame others for the liability asserted against her, is of questionable relevance.

Despite the objectionable nature of Plaintiff's request for admissions, Dr. Johns has responded to the requests (ECF No. 141-5, pp. 1-24). Therefore, that component of Plaintiff's motion to compel (ECF No. 128 at pp. 25-32) is deemed moot in any event.[4]

Last, LR 26-7 requires any discovery motion to be accompanied by a declaration outlining movant's attempts to satisfy the meet-and-confer obligations imposed by LR IA 1-3(f). After receiving defense counsel's objections to Plaintiff's discovery (ECF No. 126 at 7-8), Plaintiff made no discernable attempt to resolve the discovery dispute. Plaintiff's proffered explanation at ECF No. 126, p. 4, that his letters to counsel "are not answered" is unavailing, because he did not undertake any request to counsel to try to resolve the dispute with regard to the discovery which is the subject of Plaintiff's motion to compel.

---

[4] The court is troubled, however, with certain of Dr. Johns' responses which state that because she is no longer employed by NDOC, she does not have access to Plaintiff's medical records and therefore cannot respond to the requests. (*See*, e.g., request for admissions 61, 63, 64, 66, etc.) Dr. Johns should supplement her responses to Plaintiff's request for admission by indicating whether, as a party Defendant who is being sued in relation to her tenure as an NDOC physician, asked NDOC to be able to review Plaintiff's records, or alternatively, why the Office of the Attorney General could not provide copies of Plaintiff's pertinent records to Dr. Johns for her review to be able to respond to discovery.

If this case proceeds to trial, Dr. Johns would seemingly be precluded from reviewing medical records before her trial testimony if she has previously responded to discovery expressing an inability to respond to certain discovery because she had not reviewed records.

Additionally, the current Deputy Attorney General states he had two phone conferences with Plaintiff to attempt to narrow Plaintiff's requests, but that was unsuccessful because Plaintiff rejected any compromise. (ECF No. 141-1 at 2.)

While pro se litigants are often held to a more liberal and lenient standard than that applied to bar-certified attorneys, such leniency may not be used to abuse the judicial process. As the Supreme Court has previously noted:

> [D]iscovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, speedy, and inexpensive determination of every action." (Emphasis added.) To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

*Herbert v. Lando*, 441 U.S. 153, 177 (1979); s*ee also* Fed. R. Civ. P. 26 advisory committee's note to the 1983 amendments ("Excessive discovery . . . requests pose significant problems . . .[and] impose costs on an already overburdened system . . . .").

It is entirely appropriate for this court to exercise the discretion to limit discovery requests as authorized by Fed. R. Civ. P. 26(b)(2)(A) and (C). Plaintiff should also be aware of the limitations on discovery imposed by Fed. R. Civ. P. 26(d)(1), which states in part discovery must be "proportional to the needs of the case . . ., the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit."

If Plaintiff is still desirous of extending the discovery deadline, Plaintiff should also explain *exactly* what additional discovery he proposes to undertake as it pertains to *each* person to whom he wants to propound discovery. The court is not included to extend the discovery deadline to

6

allow Plaintiff to engage in more argumentative, irrelevant and disproportional discovery. Plaintiff's Motion to Strike Defendants' Opposition to Plaintiff's Motion to Extend the Discovery Deadline (ECF No. 125) was denied by the court. Plaintiff has yet to file a substantive reply to Defendants' opposition, which he shall do or before **February 7, 2020**. Although the court will address Plaintiff's Motion to Extend Discovery (ECF No. 119) at the court's discovery conference on February 26, 2020, Plaintiff is forewarned he has an uphill battle to explain why his shotgun approach to discovery should be permitted by the court.

Plaintiff's Motion to Compel (ECF No. 126) is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 31, 2020.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE