# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GREGORY WEST ENTSMINGER,

    Plaintiff,

v.

ROMEO ARANAS, et al.,

    Defendants.

Case No.: 3:16-cv-00555-MMD-WGC

**Order**

Re: ECF No. 124

Before the court is Plaintiff's Motion to Correct Active Defendants under Federal Rule of Civil Procedure 25(d). (ECF No. 124.) Defendants filed a response. (ECF No. 146.)

Plaintiff is a prisoner incarcerated within the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights complaint under 42 U.S.C. § 1983. The court screened his second amended complaint (SAC) and allowed him to proceed with, among other claims and defendants, a claim that defendants Sandoval, Miller, Masto, Laxalt, Cegavske, Clinger, Willden, Aranas, Bannister, Jacobs, Keast, Nurse Sunshine, Reynolds, Haycock, Cox and Dzurenda acted as group to conspire and create systemic deficiencies within NDOC relative to dental care. (*See* ECF No. 21 at 15-16.)

On June 14, 2019, Plaintiff filed a motion stating that many of the parties named in their official capacities when his lawsuit was filed are no longer State officials and sought to substitute the new officials in as defendants under Federal Rule of Civil Procedure 25(d). (ECF No. 80.) At a hearing addressing many issues on June 25, 2019, the court advised Plaintiff of the process for substituting parties in their official capacities, and stated that it was Plaintiff's responsibility to

determine which parties were to be substituted under Rule 25. The court specifically stated in the minutes of the hearing: "Any party who was *also named in his/her individual capacity would remain a defendant in that respect, even if he/she might no longer be an official of the State*." (ECF No. 84 at 5.) Therefore, the court denied Plaintiff's motion (ECF No. 80) without prejudice. (*Id.*)

Plaintiff filed a motion to substitute the new officials on July 31, 2019. He specified that the it applied *only to the official capacity claims* against Aranas, Sandoval, Laxalt, Willden and Clinger. (ECF No. 94.) He sought to substitute in their official capacities: Minev, Sisolak, Ford, White, and Cates, respectively. The court granted the motion on August 26, 2019, noting that the new officials would be substituted *in their official capacities only*. (ECF No. 97.)

On December 12, 2019, Plaintiff filed a notice with the court stating that the defendants who were no longer State officials were still being sued in their *individual capacities*. (ECF No. 116.)

On January 9, 2020, Plaintiff filed this motion to correct the active defendants under Rule 25(d), stating again that the five former State officials should remain as defendants in their *individual capacities only*, and that the new State officials who took their places are sued in their *official capacities only*. (ECF No. 124.)

In their response, Defendants assert that the motion should be denied as moot because they acknowledge that the former State official defendants remain as parties in their *individual capacities*. They do argue, however, that they should not be defendants because there are insufficient allegations to support that these defendants were personally involved, and that they are entitled to qualified immunity. (ECF No. 146.)

Both parties are correct that the court's orders reflect that the new State officials (Minev, Sisolak, Ford, White, and Cates) are defendants in their *official capacities only*, and the former

State officials (Aranas, Sandoval, Laxalt, Willden and Clinger) remain as defendants only in their *individual capacities*. To the extent Defendants have an argument that the allegations of the SAC are insufficient for the former State officials to remain as defendant, it should be raised in a properly noticed motion and not simply in an opposition to Plaintiff's motion. Moreover, it should be noted that if Defendants believed that the allegations against these former State officials in their individual capacities are insufficient, the argument should have been raised long ago as the screening order allowing the claims to proceed against them was entered back in *September of 2018.*

Plaintiff's motion (ECF No. 124) is **GRANTED** to the extent that the court's CM/ECF docket currently only lists the new State officials. The Clerk shall **REVISE** the docket to reflect that Minev, Sisolak, Ford, White, and Cates are defendants in their *official capacities only*, and that Aranas, Sandoval, Laxalt, and Clinger remain defendants in their *individual capacities only*.

With respect to Willden, the screening order allowed Plaintiff to proceed against Willden in September of 2018, and the summons was returned unexecuted as to Willden nearly a year later on August 16, 2019. To date, Plaintiff has not successfully served Willden; therefore, Willden will be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: February 24, 2020.

William G. Cobb
United States Magistrate Judge