# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

GREGORY WEST ENTSMINGER,

    Plaintiff,

v.

ROMEO ARANAS, *et al.*,

    Defendants.

Case No.: 3:16-cv-00555-MMD-WGC

**ORDER**

Re: ECF Nos. 149 and 168

## **INTRODUCTION**

Before the court is Plaintiff's motion to enter a default *judgment* against Sunshine Flores (ECF No. 149). A default had been previously entered against Flores on June 4, 2019 (ECF No. 67). Defendant Flores opposed the request for a default judgment (ECF No. 168), and Plaintiff has replied in a document that addresses both the default judgment issue and the Flores' Motion to Set Aside the Default (also contained within ECF No. 168) (ECF Nos. 183-1 and 185).[1]

Defendant Sunshine Flores' Opposition to Plaintiff's Motion to Enter Default Judgement also included her Motion to Set Aside Clerk's Default (ECF No. 168). Plaintiff has opposed the motion (ECF Nos. 183-1 and 185). No reply memorandum has yet been filed by Defendant Flores.

---

[1] ECF No. 130 was Plaintiff's motion to permit the late filing of his combined reply memorandum, which the court granted in ECF No. 184. Plaintiff's proposed filing for which he had sought leave to file was logged in as ECF No. 183-1 and which also appears on the court's docket as ECF No. 185.

However, because the court deems it has sufficient argument and information to resolve Defendant Flores' Motion, the court will proceed to resolve the Motion to Set Aside the Default.

In that regard, Defendant Flores' motion is granted and the clerk shall strike the default (ECF No. 67). Because a default is a predicate to securing a default judgment, Plaintiff's Motion for a Default Judgment (ECF No. 149) is necessarily denied.[2]

## BACKGROUND

Plaintiff is an inmate in the Nevada Department of Corrections (NDOC) and is currently housed at Northern Nevada Correctional Center (NNCC). On September 25, 2018, Plaintiff filed a Second Amended Complaint (SAC) (ECF No. 18), which the court screened on September 14, 2018. (ECF No. 21.) Chief District Judge Miranda M. Du allowed Plaintiff's SAC to proceed on the following:

1. Portion of Count I, alleging legal mail violations, to proceed against Jane/John Does when Plaintiff learns their identities.

2. Count II, alleging retaliation, to proceed against Defendants Dr. Vanhorn, Keast, Jacobs, Missy (dental assistant), Dr. Yup, McBroom, Moyle, Navarro, Walsh, Dr. Aranas, and Austin.

3. Count III, alleging deliberate indifference to serious medical needs, to proceed against Defendants Dr. Johns, Nurse Kathy, Melissa Mitchell, Keast, Baca, and Aranas.

4. Count IV, alleging deliberate indifference to serious dental needs, to proceed against Defendants Dr. Remsen, Ilene Sanborne, Keast, Lois Elliott, Dr. Vanhorn, Missy (dental assistant), Perry, Linda Grankowski, Aranas, Jacobs, Dr. Yup, Dr. Peterson, Jenifer (dental assistant), Summer (dental assistant), Dr. Swope, Snider, and Dr. Bannister.

---

[2] All parties are reminded that LR IC 2-2(b) requires separate filings for each event. Thus, Plaintiff's reply document (ECF No. 183-1/185) should have been filed separately (1) as to Plaintiff's request for a default judgment and (2) his opposition to Defendant's request for setting aside the default. Similarly, Defendant's motion to set aside the default and her opposition to Plaintiff's request for a default judgment (ECF No. 168) should have been filed separately.

2

5. Count V, alleging conspiracy, to proceed against Defendants Sandoval, Miller, Masto, Laxalt, Cegavske, Clinger, Wilden, Aranas, Bannister, Jacobs, Keast, Nurse Sunshine, Reynolds, Haycock, Cox, and Dzurenda.

6. Count VI, alleging equal protection violations based on delaying/denying health are to sex offenders, to proceed against Defendants Missy (dental assistant), Ilene Sanborne, Nurse Sunshine, Jenifer (dental assistant), Perry, Keast, Jacobs, Dr. Yup, Dave (clinic supervisor), Laura (dental assistant), and Alisha (dental assistant).

7. Portion of Count VII, alleging due process violations for gold fixtures, to proceed against Defendants Dr. Remsen, Keast, Aranas, and Cox.

8. Portion of Count VII, alleging due process violations related to inmate trust accounts, to proceed against Defendants Missy (dental assistant), Sanborne, Lara (dental assistant), Dave (clinic supervisor), Melissa Mitchell, Candice (clinic supervisor), Jacobs, Keast, Nurse Sunshine, Reynolds, Haycock, Cox, and Aranas.

9. Count VIII, alleging state statutory violations, to proceed based on supplemental jurisdiction against Defendants Dr. Yup, Dr. Swope, Dr. Vanhorn, Dr. Peterson, Dr. Remsen, Cox, Perry, Snider, Jacobs, Keast, Missy (dental assistant), Sanborne, Lara (dental assistant), Dave (clinic supervisor), Melissa Mitchell, Candice (clinic supervisor), Nurse Sunshine, Reynolds, Haycock, Sandoval, Miller, Masto, Aranas, and Bannister.

On May 30, 2019, Plaintiff filed a Request for Entry of Default *Judgment* by Clerk of Court asking the court to enter a default against certain Defendants, including Flores. (ECF No. 64.) The court granted his request, but only to the extent that entry of a default (not a default *judgment*) was authorized as against certain defendants, one of whom was Flores (ECF No. 66). The clerk thereafter entered default – but not a default *judgment* - against Defendant Flores on June 4, 2019. (ECF No. 67.)

The basis for entry of the default was a receipt from the U.S. Marshal's Service indicating that the process server left a copy of the Summons and SAC with an entity the process server called "Legal Services Agency." (ECF No. 50-1.) Flores' Declaration states she does not know what

3

1  "Legal Services Agency" is (ECF 168-1 at 2).[3]  Flores also states she does not recall authorizing it, or any entity, to accept service of process on her behalf in lieu of personal service to her. (ECF No. 168, s*ee* Declaration of Sunshine Flores, attached as **Exhibit A** at ¶¶ 7-8.) Additionally, Defendant states the "Legal Services Agency" referenced in the Proof of Service (ECF No. 50-1) did not forward a copy of the Summons or SAC to Flores. (*Id.* at ¶ 9.) Apparently, Defendant Flores became aware that Plaintiff had named her as a Defendant in this action in February 2020, when the Office of Attorney General ("OAG") finally located her and provided her a copy of the Summons and SAC. (*Id.* at ¶¶ 5-6, 10.)[4]

Defendants further claim that upon receipt of the February 2020 communication, Defendant Flores submitted the paperwork necessary for the OAG to represent her in this matter. (ECF No. 168, Ex. A at ¶ 11.) The OAG appeared for Flores on March 13, 2020, and accepted service of the Summons and SAC on her behalf the same day. (ECF No. 166.) Defendant Flores also joined in the existing Defendants' Answer to Second Amended Complaint (ECF No. 39) that same day. (ECF No. 167.)

///

///

///

---

[3] Plaintiff objects to the Flores declaration because although signed under penalty of perjury, was not dated. (ECF No. 185 at 2.) Although the court agrees the better form would have been to have dated the declaration when it was executed, that omission is not fatal to the declaration. It was obviously executed sometime between when Flores learned of the lawsuit against her "in February 2020" and when the Attorney General entered an appearance for Flores on March 13, 2020 (ECF No. 168 at 2).

[4] Plaintiff similarly appears unaware of what the "Legal Services Agency" is which the US Marshal states it served. Plaintiff wrote a letter to the USMS on March 24, 2020, requesting an explanation as to the service which was purportedly effected but has received no response (ECF No. 185 at 2)

**DISCUSSION**

The court may set aside an entry of default or default judgment for good cause. Fed. R. Civ. P. 55(c). Defaults are disfavored by the courts, since defaults are inconsistent with the federal court's preference for resolving dispute son the merits. *Moreno v LG Elecs. USA, Inc.,* 800 F. 3d 692, 698 (5th Cir 2015); *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

The court should look at three factors when determining to set aside default: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it has a meritorious defense; or (3) prejudice to the other party. *Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d at 1091 (9th Cir. 2010). Satisfaction of any of the three factors will justify the setting aside of a default. *Brandt v American Bankers Insurance Co. of Florida*, 653 F. 3d 1108, 1111 (9th Cir 2011).

As to the first factor, a defendant engages in culpable conduct when it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan. v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis original) (citations and internal quotation marks omitted), *overruled in part on other grounds in Egelhoff v. Efelhoff ex rel. Breiner*, 532 U.S. 141 (2000); *Signed Pers. Check No. 730,* 615 F. 3d at 1092   The Flores declaration states that she did not learn of the action against her until February 2020, so the court concludes she is not guilty of culpable conduct.

As to the second factor, i.e., whether the defendant has a meritorious defense, the burden is not heavy. Instead, it is minimal, and the facts alleged by the defendant, if true, must constitute a defense." *TCI*, 244 F3d at 700.

5

The last factor is whether the plaintiff can demonstrate prejudice to the plaintiff if the default is set aside.  A finding of prejudice to the nonmoving party requires more than a simple delay in resolution of the case. *TCI*, 244 F.3d at 701. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment[.]" *TCI*, 244 F.3d at 701. The standard is whether the plaintiff's "ability to pursue his claim will be hindered." *Falk v. Allen* 739 F.2d 461, 463 (9th Cir. 1984).

"'The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment.'" *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)). "'Where timely relief is sought from a default … and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits.'" *Id*. (quoting *Mendoza*, 783 F.2d at 945-46).  Because of the preference for deciding cases on the merits whenever possible, motions for relief from default entries should be viewed liberally. *See Falk, supra,* 739 F.2d at 463 (9th Cir. 1984). All doubts should be resolved in favor of the party seeking relief. *See, e.g., Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

## **CONCLUSION**

Defendant Sunshine Flores' Motion to Set Aside Clerk's Default (ECF No. 168) is **GRANTED**.  A default is a prerequisite to the entry of a default *judgment, Giddens v Lawson*, 734 Fed Appx. 706, 711 (11th Cir 2018); *VLM Food Trading Int'l, Inc. v Illinois Trading Co*., 811 F.3d 247, 255 (7th Circ 2016).   Because the default against Defendant Flores has been stricken,

6

Plaintiff is not entitled to a default *judgment* against Flores. Therefore, Plaintiff's Motion for Entry of a Default Judgment against Flores (ECF No. 149) is **DENIED**.[5]

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to the court's order within fourteen (14) days after service of the order. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

Dated: April 16, 2020.

                                                          *William G. Cobb*
                                                        WILLIAM G. COBB
                                                        UNITED STATES MAGISTRATE JUDGE

---

[5] The finds it unnecessary to conduct oral arguments on these motions and Plaintiff's request in that regard (ECF No. 185) is also denied. *See*, LR 78-1.