**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY WEST ENTSMINGER,<br><br>    Plaintiff<br><br>v.<br><br>ROMEO ARANAS, et. al.,<br><br>    Defendants | Case No.: 3:16-cv-00555-MMD-WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF No. 174 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion to Include the State of Nevada as a Named Defendant. (ECF No. 174.) Defendants filed a response. (ECF No. 182.) Plaintiff filed a reply. (ECF No. 186.) For the reasons discussed below, the motion should be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 18.)

In screening the SAC, the court allowed Plaintiff to proceed with various claims against multiple defendants. (ECF No. 21.) With respect to Count VIII, the court noted that Plaintiff sued multiple defendants for multiple state statutory violations. The court allowed Plaintiff to proceed with Count VIII based on supplemental jurisdiction, 28 U.S.C. § 1367(a), against defendants Dr. Yup, Dr. Swope, Dr. Vanhorn, Sanborne, Lara (dental assistant), Dave (clinic

supervisor), Melissa Mitchell, Candice (clinic supervisor), Nurse Sunshine, Reynolds, Haycock, Sandoval, Miller, Masto, Aranas, and Bannister. The court did not determine, on screening, whether Plaintiff alleged *colorable* statutory claims, and indicated that Defendants could file a motion to dismiss under the Federal Rules of Civil Procedure with respect to Count VIII, if applicable. (ECF No. 21 at 19, n. 4.)

In this motion, Plaintiff states that claims in Count VIII of the SAC are State claims brought under supplemental jurisdiction, and while he requested a waiver of immunity, the answer to the SAC asserts immunity as a defense. Plaintiff asks the court to add the State of Nevada ex rel. Nevada Department of Corrections as a defendant for purposes of Count VIII.

In their response, Defendants argue that the State has not waived its Eleventh Amendment immunity; therefore, it cannot be sued in federal court.

## II. DISCUSSION

Under Nevada law, the State of Nevada has generally waived sovereign immunity for state tort actions in *state court*. Nev. Rev. Stat. § 41.031(1).  In order to sue the State of Nevada or a state employee, the plaintiff is required to sue the State of Nevada or appropriate political subdivision. Nev. Rev. Stat. §§ 41.031, 41.0337. "In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." *Id.* § 41.031(2).

In *Craig v. Donnelly*, 439 P.3d 413, 135 Nev. 37 (Nev. App. 2019), the Nevada Court of Appeals held that "while a plaintiff must name the State as a party to any state tort claims in order to comply with NRS 41.031 and NRS 41.0337, this statutory requirement does not apply to 42 U.S.C. § 1983 claims, even when brought in the same complaint as a plaintiff's state tort

claims. Indeed, the State cannot be named as a party to a plaintiff's § 1983 civil rights claims." *Id.* at 414. In *Craig*, the Nevada Court of Appeals addressed whether a plaintiff had to name the State as party in a *state* court case. *Id.* at 413.

With respect to *federal court cases*, the State of Nevada does not waive its immunity from suit conferred by the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states"). In *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, (9th Cir. 2006), the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *Id.* at 1133-34. Although the State of Nevada may consent to federal court jurisdiction for state law claims through removal, this is not a removed case. *See Perez v. State of Nevada*, 2:15-cv-01572-APG-CWH, 2016 WL 4744134, at *4 (D. Nev. Sept. 12, 2016); *Weidner v. Nevada*, 2:16-cv-02301-KJD-NJK, 2017 WL 5985563, at *2 (D. Nev. Nov. 30, 2017). Nor has the State of Nevada otherwise waived its immunity from suit.

Where the State of Nevada is an indispensable party (such as under NRS 41.0337), the federal court does not have supplemental jurisdiction over the state law tort claim because it does not have jurisdiction over the indispensable party—the State. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a state employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party).

For these reasons, Plaintiff's motion should be denied; and therefore, Count VIII, which raises the State law claims against Dr. Yup, Dr. Swope, Dr. Vanhorn, Sanborne, Lara (dental assistant), Dave (clinic supervisor), Melissa Mitchell, Candice (clinic supervisor), Nurse Sunshine, Reynolds, Haycock, Sandoval, Miller, Masto, Aranas, and Bannister, should be dismissed. The dismissal of Count VIII should be without prejudice so that Plaintiff may raise the claims in the State court if he chooses.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's Motion to Include the State of Nevada as a Named Defendant (ECF No. 174) and **DISMISSING** Count VIII of the SAC **WITHOUT PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 13, 2020

                                                  _____
                                                  William G. Cobb
                                                  United States Magistrate Judge