UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY WEST ENTSMINGER,<br><br>Plaintiff,<br>v.<br>ROMEO ARANAS, *et al.*,<br>Defendants. | Case No. 3:16-cv-00555-MMD-WGC<br><br>ORDER |

**I.      SUMMARY**

Plaintiff objected to United States Magistrate Judge William G. Cobb's orders (ECF Nos. 143, 161). (ECF No. 178.) This Court overruled Plaintiff's objection as untimely and denied Plaintiff's remaining motions (ECF Nos. 181, 189) as moot. (ECF No. 190 (the "Order").) Before the Court is Plaintiff's motion for reconsideration (the "Motion") (ECF No. 191) of the Order. For the following reasons, the Court will grant in part and deny in part the Motion.[1] The Court will reconsider Plaintiff's objection to Judge Cobb' minute order ("MO") (ECF No. 161) and, nevertheless, overrule it.

**II.     MOTION FOR RECONSIDERATION**

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v.*

---

[1] The Court has also reviewed Defendants' response (ECF No. 194).

*ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Plaintiff essentially argues that he had no notice that Judge Cobb's discovery order ("Discovery Order") (ECF No. 143) was appealable.[2] (ECF No. 191 at 2.) To the contrary—and as the Court previously noted (ECF No. 190 at 1-2)—the docket clearly reflects that Plaintiff was electronically served a copy of the Discovery Order on January 31, 2020. Under LR IB 3-1, a party must file their objection to a magistrate judge's order within 14 days after service of that order. But Plaintiff objected on April 1, 2020. (ECF No. 178.) Accordingly, the Court denies the Motion as to the Discovery Order.

To the extent Plaintiff seeks reconsideration of his objection to Judge Cobb's MO (*see* ECF No. 191 at 2, 4), the Court grants the Motion because Plaintiff in fact timely objected on April 1, 2020 (*see* ECF No. 178). (*See* ECF No. 175 (granting Plaintiff an extension of time to file objections to ECF No. 161 by April 1, 2020).) The Court now addresses Plaintiff's objection to the MO.

### III.     PLAINTIFF'S OBJECTION TO ECF NO. 161

#### A.     Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's

---

[2] While Plaintiff has raised numerous arguments in the Motion, the Court declines to address them because they have no bearing on issues addressed in the Order. The Court also denies Plaintiff's request (ECF No. 191 at 4) to file a reply to Defendant's response (ECF No. 187). *See* LR IB 3-1(a).

2

1  order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly
2  erroneous" if the court has a "definite and firm conviction that a mistake has been
3  committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order
4  is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules
5  of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011)
6  (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing
7  the order, however, the magistrate judge "is afforded broad discretion, which will be
8  overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D.
9  Cal. 2007). The district judge "may not simply substitute its judgment" for that of the
10  magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.
11  1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**B.     DISCUSSION**

The MO addressed Plaintiff's motion to extend time to take discovery (the "Motion for Extension") (ECF No. 119), motion for joinder of real party in interest ("Motion for Joinder") (ECF No. 123), and motion to show cause (ECF No. 130). (ECF No. 161.)

Judge Cobb denied the Motion for Extension because he extended discovery on two prior occasions (*see* ECF Nos. 84, 102), forewarned Plaintiff that no further extensions would be granted "barring unforeseen and extenuating circumstances" (ECF No. 143 at 1-2), and did not see the need to grant the Motion for Extension. (ECF No. 161 at 4.) Plaintiff objects that his Motion for Extension should have been granted because Defendants failed to respond to his discovery requests. (ECF No. 178 at 12.) But "magistrate judges are given discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion," which Plaintiff has not demonstrated here. *See Holiday Sys. Int'l of Nevada v. Vivarelli, Schwarz, & Assocs., S.A. de. C.V.*, Case No. 2:10-cv-471-MMD, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012) (citation and internal quotes omitted). The Court therefore overrules Plaintiff's objection.

///

///

Judge Cobb denied the Motion for Joinder, wherein Plaintiff sought to replace Defendant Kathleen Reynolds—whom Plaintiff initially misidentified—with Russ Alfano. (ECF No. 161 at 1; *see also* ECF No. 123 at 1.) Judge Cobb explained that Plaintiff can substitute in Alfano under Federal Rule of Civil Procedure 15 if Defendants consent to the amendment, which they did not. (ECF No. 161 at 2.) *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.") Furthermore, Judge Cobb denied leave to substitute because substitution would have delayed the case, and because Alfano "is a low-level official who allocated funds with no apparent proximate cause to any deliberate indifference to Plaintiff's medical condition." (ECF No. 161 at 2.) Plaintiff solely objects to Judge Cobb's characterization of Alfano's significance to the case (ECF No. 178 at 27), but he fails to address the other valid reasons for Judge Cobb's denial. Accordingly, the Court finds that Judge Cobb did not clearly err in denying Plaintiff's Motion for Joinder (ECF No. 161 at 2 (denying ECF No. 123)) and therefore overrules Plaintiff's objection (ECF No. 178).

In the Motion to Show Cause, Plaintiff asked Judge Cobb to order Defendants to explain why they have failed to follow several of Judge Cobb's orders (ECF No. 130), which Judge Cobb granted in part and denied in part. (ECF No. 161 at 3-4.) Plaintiff now objects that Judge Cobb should have granted his request for sanctions (ECF No. 178 at 8), but the only reference to sanctions in Plaintiff's motion is a passing suggestion that "[s]anctions can be levied for this failure" (ECF No. 130 at 2). It is not clear that Plaintiff was seeking sanctions, which may explain why Judge Cobb did not address that issue (*see* ECF No. 161 at 3-4). Moreover, Plaintiff has not shown that Judge Cobb clearly erred in exercising his discretion not to address or grant Plaintiff's request for sanctions. As such, the Court finds that Judge Cobb did not err on the issue of sanctions and therefore overrules Plaintiff's objection.

**IV.    CONCLUSION**

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 191) is denied in part and granted in part as discussed herein.

It is further ordered that Plaintiff's objections (ECF No. 178) are overruled. This Court's order (ECF No. 190) stands.

DATED THIS 15th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE