UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GREGORY WEST ENTSMINGER, | Case No. 3:16-cv-00555-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | |

Plaintiff Gregory West Entsminger, who is in custody at the Northern Nevada Correctional Center, filed this civil rights action under 42 U.S.C. § 1983 and state law. Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 195) ("R&R"), recommending denial of Plaintiff's Motion to Include the State of Nevada as a Named Defendant (the "Motion") (ECF No. 174) and dismissal of Count VIII of the Second Amended Complaint (ECF No. 18). Plaintiff filed an objection to the R&R.[1] (ECF No. 200.) As discussed further below, the Court agrees with Judge Cobb's reasoning and adopts the R&R in full.

The Court incorporates the facts outlined in the R&R (ECF No. 195 at 1-2) and does not recite them here.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and

---

[1] The Court has also reviewed Defendants' response (ECF No. 201).

1  recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails
2  to object, however, the court is not required to conduct "any review at all . . . of any issue
3  that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also*
4  *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard
5  of review employed by the district court when reviewing a report and recommendation to
6  which no objections were made); Fed. R. Civ. P. 72, Advisory Committee Notes (1983)
7  (providing that the court "need only satisfy itself that there is no clear error on the face of
8  the record in order to accept the recommendation").

9        In light of Plaintiff's objection to the R&R, this Court has engaged in a *de novo*
10  review to determine whether to adopt the R&R. Judge Cobb recommended that the Court
11  not add the State of Nevada ex rel. NDOC (the "State") as a defendant in this case and
12  dismiss Plaintiff's state law claims in Count VIII of the SAC, which Plaintiff brought under
13  supplemental jurisdiction. (ECF No. 195 at 2.) As Judge Cobb reasoned, Plaintiff cannot
14  sue the State in this non-removed action under § 1983 because the State has not waived
15  its Eleventh Amendment immunity. (*Id.* at 3 (citing to *O'Connor v. State of Nev.*, 686 F.2d
16  749, 750 (9th Cir. 1982)) Furthermore, the Court cannot exercise supplemental jurisdiction
17  over the state law tort claims because it does not have jurisdiction over the indispensable
18  party—here the State (*see* NRS §§ 41.031, 41.0337). (*Id.* at 2-3.) *See Hirst v. Gertzen*,
19  676 F.2d 1252, 1264 (9th Cir. 1982) (holding that federal court had no supplemental
20  jurisdiction over state tort claim where it had no jurisdiction over the state as an
21  indispensable party). The Court agrees with Judge Cobb and now addresses Plaintiff's
22  objections.

23        Plaintiff argues that he can still sue the State for injunctive and declaratory relief
24  (ECF No. 200 at 2), but the U.S. Supreme Court has said that sovereign immunity applies
25  "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*,
26  465 U.S. 89, 100 (1984). Plaintiff also argues that Nevada state courts have outlined how
27  to structure a lawsuit so as to invoke waiver of sovereign immunity, which Plaintiff claims
28  he has done. (ECF No. 200 at 2-3.) However, Plaintiff cites to *Craig v. Donnelly*, 135 Nev.

37, 41 (Nev. App. 2019), which discussed how to properly bring claims in state court—not federal court. The Ninth Circuit has already said that the State cannot be sued in federal court without its consent because the State "has explicitly refused to waive its [sovereign] immunity." *O'Connor,* 686 F.2d at 750. In sum, the Court overrules Plaintiff's objections.

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the objection before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 195) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's Motion to Include the State of Nevada as a Named Defendant (ECF No. 174) is denied.

DATED THIS 11th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE