**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY WEST ENTSMINGER,<br><br>　　Plaintiff<br><br>v.<br><br>ROMEO ARANAS, et. al.,<br><br>　　Defendants | Case No.: 3:16-cv-00555-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 179 |

　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　Before the court is Plaintiff's Motion to Set Aside Dismissal of defendant Jennifer Link. (ECF No. 179.)

　　Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 18.)

　　In screening the SAC, the court allowed Plaintiff to proceed with various claims against multiple defendants from events arising while he was housed at Northern Nevada Correctional Center (NNCC). (ECF No. 21.) One of the claims proceeding is an Eighth Amendment deliberate indifference to serious medical needs claim in Count IV, based on allegations that he had to wait multiple years for emergency dental care, and the defendants refused to address his pain. This claim was allowed to proceed against Dr. Remsen, Ilene Sanborn, Keast, Lois Eliot,

Dr. Vanhorn, Missy (dental assistant), Perry, Linda Grankowski, Dr. Aranas, Jacobs, Dr. Yup, Dr. Peterson, Jennifer (dental assistant), Summer (dental assistant), Dr. Swope, Snider, and Dr. Bannister. (ECF No. 21 at 14.) Plaintiff was also allowed to proceed with an equal protection claim in Count VI based on allegations that prison officials delay medical and dental treatment for inmates convicted of sex offenses. He was allowed to proceed with this claim against defendants Missy (dental assistant), Ilene Sanborne, Nurse Sunshine, Jennifer (dental assistant), Perry, Keast, Jacobs, Dr. Yup, Dave (clinic supervisor), Laura (dental assistant), and Alisha (dental assistant). (ECF No. 21 at 17.)

On February 11, 2019, the court ordered the Attorney General's Office to advise the court by March 4, 2019, whether it would accept service on behalf of the defendants, and/or provide a last known address under seal for those defendants for whom it could not accept service. (ECF No. 27.) The court also ordered that for those defendants for whom service was not accepted, *Plaintiff* shall file a motion identifying the unserved defendant, and request issuance of a summons, and to specify the full name and address for the defendant(s). For those defendant(s) as to which the Attorney General did not provide a last known address, the Plaintiff was directed to provide the full name and address for the defendant. (*Id.*) The Attorney General's Office filed a notice of acceptance of service on March 4, 2019, indicating that after due diligence the Office was not able to identify dental assistant Jennifer, among others. (ECF No. 28.)

At a hearing on June 25, 2019, Plaintiff advised the court that he did not know and was unable to get the full name of dental assistant Jennifer. Deputy Attorney General Hough indicated that he had no further information regarding the identify of this defendant. (ECF No. 84 at 3.) The court ordered the parties to notify the court if additional information was obtained regarding the last names of dental assistant Jennifer. (*Id.* at 4.)

As of October 22, 2019, no further information had been provided to the court regarding the identity or address of defendant dental assistant Jennifer. Therefore, on that date, District Judge Du issued a notice of intent to dismiss as to Jennifer and other defendants who had not yet been served. Judge Du gave Plaintiff until November 21, 2019, to file a proof of service as to these defendants or show good cause as to why they have not been served. (ECF No. 104.)

Plaintiff subsequently filed a motion to compel discovery of employee's names. (ECF No. 109.) The court held a hearing on the motion on December 10, 2019. (ECF No. 115.) Deputy Attorney General Hopper advised the court that an inquiry would be made to NDOC to try and determine the identity of the named dental assistants that Plaintiff had not been able to fully identify. The court ordered the Attorney General's Office to file a notice advising the court of the effort taken to identify the dental assistants and provide the names and addresses if they were identified. (*Id.* at 3-4.)

On January 6, 2020, District Judge Du ordered dental assistant Jennifer dismissed without prejudice under Rule 4(m). (ECF No. 121.)

On February 25, 2020, Defendants filed a notice regarding their efforts to identify the dental assistants in accordance with the court's order at the December 19, 2019 hearing. (ECF No. 156.) The Attorney General's Office indicated it had possible names and addresses for two of the dental assistants: Alisha and Jennifer, though noting that District Judge Du had dismissed Jennifer for lack of service on January 6, 2020. Jennifer was not currently employed by NDOC.  (*Id.*)

The court held a hearing on February 26, 2020, and ordered the Attorney General's Office to file the last known addresses for dental assistants Alisha and Jennifer under seal. The court advised Plaintiff that should District Judge Du rescind her order dismissing these dental

assistants (ECF No. 121), then an order directing the U.S. Marshal to attempt to serve them would be issued. (ECF No. 161 at 3-4.) Defendants filed the last known addresses under seal on February 27, 2020. (ECF No. 158.) Dental assistant Jennifer was identified as Jennifer Link.

On March 17, 2020, Plaintiff filed a motion for issuance of summons to defendant dental assistant Alisha, which also discussed dental assistant Jennifer. (ECF No. 169.) On March 18, 2020, the court issued summonses for Alisha and Jennifer Link. The court directed Plaintiff to fill out the USM-285 forms for these defendants and return them to the U.S. Marshal for service. Plaintiff was advised that if he failed to comply, the defendants would be dismissed under Rule 4(m). (ECF Nos. 170, 171.)

On April 6, 2020, Plaintiff filed a motion to set aside the dismissal of Jennifer Link, as she had not been identified, nor an address provided under seal, when she was dismissed. (ECF No. 179.)

On May 6, 2020, the summons was returned unexecuted as to Jennifer Link, indicating she could not be served at the address provided, indicating she no longer lived at that address. (ECF No. 193.)

Insofar as dental assistant Jennifer had not yet been identified, nor a last known address provided by the Attorney General's Office at the time she was dismissed (ECF No. 121), Plaintiff's motion to set aside the dismissal of dental assistant Jennifer (ECF No. 179) should be granted. The court has nevertheless already issued a summons for Jennifer Link, which has been returned as unexecuted. Therefore, Plaintiff should be given 30 days from the date of any order adopting and accepting this Report and Recommendation to file a proof of service for Jennifer Link. If he fails to do so, she should be dismissed under Federal Rule of Civil Procedure 4(m).

The court issued its screening order on the SAC on September 14, 2018. Therefore, Plaintiff

should be advised that the court will not favorably receive any further requests to extend the time to serve Ms. Link.

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Plaintiff's motion to set aside the dismissal of dental assistant Jennifer (ECF No. 179), and giving Plaintiff 30 days from the date of any order adopting and accepting this Report and Recommendation to file a proof of service for Jennifer Link. He should be advised that if he fails to do so, Jennifer Link should be dismissed under Federal Rule of Civil Procedure 4(m). Plaintiff should be further advised that the court will not favorably receive any further requests to extend the time to serve Ms. Link.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 11, 2020

*William G. Cobb*
William G. Cobb
United States Magistrate Judge