**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY WEST ENTSMINGER,<br><br>    Plaintiff<br><br>v.<br><br>ROMEO ARANAS, et. al.,<br><br>    Defendants | Case No.: 3:16-cv-00555-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 165 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for entry of default judgment against defendant Melanie McBroom under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 165.) After a thorough review, the court recommends that Plaintiff's motion be denied without prejudice.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 18.)

In screening the SAC, the court allowed Plaintiff to proceed with various claims against multiple defendants from events arising while he was housed at Northern Nevada Correctional Center (NNCC). (ECF No. 21.) Among the claims Plaintiff was allowed to proceed with is a retaliation claim in Count II against McBroom and others based on allegations that she knew that

his requests for dental care were being ignored, and she misdirected his grievance to insulate the non-medical staff from liability and shirked her responsibilities. (ECF No. 21 at 10.)

On March 4, 2019, the Attorney General's Office filed a notice indicating it did not accept service on behalf of defendant Melanie McBroom, who was a former employee of NDOC. (ECF No. 28.) McBroom's last known address was filed under seal. (ECF No. 29.) The court issued a summons for McBroom on March 5, 2019. (ECF No. 32-11.) The service return for McBroom states that the she was served on April 24, 2019, by leaving the summons and complaint in the mailbox per the instruction of the individual to be served. (ECF No. 50 at 1-3.) McBroom did not file an answer or otherwise appear to defend this action.

On May 30, 2019, Plaintiff filed a motion requesting the entry of default judgment against defendants McBroom and several other defendants. (ECF No. 64.) The court granted Plaintiff's motion insofar as it ordered the entry of Clerk's default under Federal Rule of Civil Procedure 55(a) as to McBroom. (ECF No. 66.) The Clerk entered default against McBroom on June 4, 2019. (ECF No. 67.)

On March 11, 2020, Plaintiff filed this motion for entry of default judgment against defendant McBroom under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 165.)

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment if the clerk previously entered default based on a defendant's failure to appear or defend an action. After entry of default, the complaint's factual allegations are taken as true, except those relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

"[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default." *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The court has the power to require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate. *See* Fed. R. Civ. P. 55(b)(2).

Whether to grant or deny a motion for default judgment is within the discretion of the court. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The court's inquiry is guided by the following factors outlined in *Eitel*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. It bears repeating that default judgment is generally disfavored because of the underlying policy favoring deciding cases on their merits. *Id*. at 1472.

As to the first factor, the court finds no specific prejudice to Plaintiff if default judgment is not entered. Despite the fact that the SAC was screened over a year and a half ago, this case is still in its early stages, and dispositive motions have not yet been filed as an extraordinary amount of time has been spent on identifying and serving the defendants. Plaintiff claims he cannot depose other defendants as a result of McBroom's failure to appear; however, he does not explain how McBroom's failure to appear, in light of the minimal factual allegations against her, has prevented him from seeking discovery as to other defendants. The facts will need to be established with respect to the other defendants involved in this claim either at summary judgment or trial; therefore, Plaintiff is not prejudiced if default judgment is not entered as to McBroom at this time. In sum, this factor weighs against entry of default judgment.

1      The second factor requires the court to look at the merits of the claim against McBroom. The third factor requires the court to look at the sufficiency of the complaint. These factors are related, and so the court will analyze them together.

In Count II, Plaintiff alleges that between June 1, 2010 and September 25, 2014, Plaintiff filed three grievances about the failure to provide adequate dental care and dental treatment due to retaliation. He avers that Dr. Van Horn told Plaintiff that he could do nothing for Plaintiff unless he dropped his second grievance. Dr. Van Horn allegedly told Plaintiff that his supervisors (Keast and Jacobs) told him not to provide treatment. Dr. Van Horn did not fix issues with two of Plaintiff's teeth, and he claims that dental assistant Missy told him, "see what you prisoners get when you file a grievance." When he still needed care for those teeth, Dr. Yup allegedly told him there was nothing he could do, which Plaintiff claims was in retaliation for filing a grievance. Plaintiff then submitted a grievance about retaliation and he avers that McBroom, Moyle, Navarro, and Walsh, as grievance coordinators, all misdirected his grievance to insulate the non-medical staff from liability. He claims that they knew what was happening, but shirked their responsibilities in retaliation for his filing grievances.

To succeed on a retaliation claim, an inmate must establish that a state actor took adverse action against him because of his protected conduct, which chilled the exercise of his First Amendment rights, and did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). Missing from Plaintiff's allegations are specific facts regarding what McBroom knew when she received Plaintiff's grievance, and how, when and under what circumstances she misdirected Plaintiff's grievance or what Plaintiff even means by "misdirected." The court finds there is simply not enough information in the SAC for the court to conclude, taking the allegations as true, that McBroom retaliated against Plaintiff.

4

Therefore, these factors weigh against the entry of default judgment. The foregoing discussion also demonstrates that there are necessary facts that are not contained in the pleading; therefore, those facts are not established by default. *See Cripss,* 980 F.2d 1261, 1267 (9th Cir. 1992).

The next factor requires the court to look at the sum of damages sought. Plaintiff states in his motion and SAC that he seeks $90,000 in compensatory damages, and $90,000 in punitive damages against each defendant. (*See, e.g.,* ECF No. 165 at 3.) Plaintiff provides no basis for the amounts sought, nor does he explain how McBroom's alleged liability caused him to suffer $90,000 in compensatory damages and $90,000 in punitive damages. He subsequently states that he has paid over half of the filing fee of $350 from his earnings, and so the court should at least impose this obligation on McBroom. (ECF No. 165 at 4.)

This factor requires the court to consider "the amount of money at stake in relation to the seriousness of [Plaintiff's] conduct." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1071 (D. Ariz. 2006) (citation and quotation marks omitted). "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Id.* at 1071. The court finds that at this point the sum sought is disproportionate and/or inappropriate in comparison to the minimal facts alleged concerning McBroom's conduct. Nor is it clear why one defendant should be required to pay for the entirety of the filing fee incurred in filing a complaint against *many* defendants. Therefore, this factor weights against entry of default judgment.

This claim is also asserted against other defendants, and the court anticipates there will be a dispute concerning material facts; therefore, this factor weighs against entry of default judgment.

It is possible the entry of default was due to excusable neglect, but the court has no specific information regarding this factor; therefore, it remains neutral.

Finally, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits weighs against the entry of default judgment. *See Eitel*, 782 F.2d at 1472.

In sum, the *Eitel* factors weigh against the entry of default judgment. Therefore, the court recommends that Plaintiff's motion for entry of judgment against McBroom be denied without prejudice. Plaintiff may re-visit his motion as to McBroom after dispositive motions have been brought or there is a trial that establishes the facts surrounding McBroom's alleged conduct, and what damages Plaintiff might be entitled to if the facts indicate a constitutional violation by McBroom.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING WITHOUT PREJUDICE** Plaintiff's motion for entry of default judgment against McBroom. (ECF No. 165.) The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 12, 2020

                                                                               */s/ William G. Cobb*  
                                                                               William G. Cobb  
                                                                               United States Magistrate Judge