# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GREGORY WEST ENTSMINGER,

    Plaintiff

v.

ROMEO ARANAS,

    Defendants

Case No.: 3:16-cv-00555-MMD-WGC

**Order**

Re: ECF Nos. 213, 219

Plaintiff filed a motion to strike Defendants' "errata" to their motion for summary judgment. (ECF No. 213.) Defendants filed a response. (ECF No. 223.) Plaintiff filed a reply. (ECF No. 227.) Plaintiff also filed a motion to strike Defendants' motion for summary judgment. (ECF No. 219). Defendants filed a response. (ECF No. 228.) Plaintiff filed a reply. (ECF No. 231.) After a thorough review, the motions are denied.

## I. BACKGROUND

On February 14, 2020, the court granted an extension of time to file dispositive motions to June 16, 2020. (ECF No. 150.) On June 16, 2020, Defendants filed their motion for summary judgment along with exhibits A-M. (ECF Nos. 209, 209-1 to 209-13.) The very next day Defendants filed an "errata" to their motion for summary judgment attaching the authenticating declarations of Christopher Franklin and Lisa Walsh, stating that they did not have access to the signed declarations when the motion for summary judgment was filed. (ECF Nos. 211, 211-1, 211-2.)

On June 24, 2020, Plaintiff filed his motion to strike the "errata." (ECF No. 213.) Plaintiff argues that affidavits supporting a motion must be served with the motion, and these

authenticating declarations were not served with the motion, and were served after the deadline to file the dispositive motion.

Plaintiff then moved to strike Defendants' motion for summary judgment.  First, Plaintiff argues that if the court strikes the authenticating affidavits then all of the exhibits filed in support of the motion for summary judgment would be invalid and the motion for summary judgment would be unsupported. Second, Plaintiff argues that the motion exceeds the page limits by 2 pages without filing a motion to exceed the page limits before the brief was filed. Third, Plaintiff contends that the motion for summary judgment does not contain a table of contents when it exceeds the page limits. Fourth, Plaintiff asserts that there are incomplete citations in the brief. Fifth, Plaintiff argues that the exhibits to the motion are confusing because they are duplicative and some have missing signatures, and Exhibit M is a temporary version of Administrative Regulation (AR) 740 that was created two years after the suit was filed. (ECF No. 219.)

With respect to the "errata," Defendants state that they did not have signatures on the Franklin and Walsh declarations when they filed the motion for summary judgment, but filed the signed declarations the very next day.

As to the motion for summary judgment, defense counsel acknowledges there are a few drafting errors, but contends that striking the motion is not justified. Defendants further argue that the substantive portion of the notion is only 30 pages (when taking out the caption and initial paragraph, and the exhibit list and certificate of service), and as such a table of contents was not required. Defendants also assert that using two short citations before setting out the complete citation does not justify striking the motion. They assert that Plaintiff may raise his objections to the nature of the exhibits in his response to the motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The motion for summary judgment is not a pleading; therefore Rule 12(f) is not applicable here. Nevertheless, courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulation insubordinate … conduct." *Id*. (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at *2 (D. Nev. Sept. 30, 2010)).

Plaintiff is correct that ECF No. 211 is not truly an "errata." An "errata" is usually filed to show that there was a clerical error in a filing.[1] Instead, Defendants should have sought an extension of time to file the authenticating affidavits that were due to be filed with the motion for summary judgment on June 16, 2020. The court, however, in its discretion, will not strike the errata and authenticating declarations because the court finds no prejudice to Plaintiff in Defendants having filed the documents one day late. Plaintiff has been granted two extensions of time to respond to Defendants' motion for summary judgment. (*See* ECF Nos. 221, 238.) His response is now due on September 11, 2020. He will have had ample time to review and evaluate

---

[1] Merriam-Webster defines "errata" as "a list of errors in a printed work discovered after printing and shown with corrections." *See* https://www.merriam-webster.com/dictionary/errata, last visited August 19, 2020.

the authenticating declarations and can make arguments regarding their substance in his response to the motion for summary judgment. Therefore, the motion to strike the "errata" (ECF NO. 213) is denied.

The court also denies the motion to strike Defendants' motion for summary judgment (ECF No. 219). First, to the extent Plaintiff moves to strike the motion because the authenticating exhibits should be stricken, the court has ruled the exhibits will not be stricken. Second, Plaintiff contends that the motion exceeds the page limits by 2 pages without filing a motion to exceed the page limits. Defendants are correct that the entire first page, and a quarter of the second page are taken up with the caption and list of Defendants. In the future, Defendants should endeavor to comply with the page requirements, and if necessary, file a motion to exceed the page limits *before* the motion is due, in conformity with Local Rule 7-3. Given that the brief minimally exceeds the page limits, the court will exercise its discretion and allow the brief as filed, and will not require a table of contents.

Nor does the fact that there are incomplete citations justify striking the brief. The shortened citations should still allow Plaintiff to reasonably locate the authority relied on by Defendants.

Finally, insofar as Plaintiff argues that some exhibits are confusing because they are duplicative, are missing signatures, or post-date this action, Plaintiff may make such arguments in his response to the motion for summary judgment.

### III. CONCLUSION

Plaintiff's motion to strike the "errata" (ECF No. 213) and motion to strike Defendants' motion for summary judgment (ECF No. 219) are **DENIED**.

**IT IS SO ORDERED**.

Dated: August 20, 2020

William G. Cobb
United States Magistrate Judge