UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREGORY WEST ENTSMINGER,<br><br>　　　　　　　Plaintiff,<br>　v.<br>ROMEO ARANAS, *et al.*,<br>　　　　　　　Defendants. | Case No. 3:16-cv-00555-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

Plaintiff Gregory West Entsminger's filed an objection (the "Objection") (ECF No. 235) to United States Magistrate Judge William G. Cobb's order denying Plaintiff's motion to authorize the United States Marshal Service ("USMS") to locate unserved defendants (the "Motion") (ECF No. 226 (denying ECF No. 224)). The Court overruled the Objection as untimely. (ECF No. 242.) Before the Court is Plaintiff's notice that the Objection was timely filed (ECF No. 246), which the Court will construe as a motion for reconsideration. For the following reasons, the Court grants the motion for reconsideration (ECF No. 246) and overrules Plaintiff's Objection (ECF No. 235).[1]

**II.　MOTION FOR RECONSIDERATION**

Plaintiff argues that he timely objected because he was granted an extension to file the Objection by August 6, 2020 (ECF No. 232). (ECF No. 246 at 1.) Plaintiff in fact filed the Objection on that date. (ECF No. 235.) Because the Objection is timely, the Court grants the motion for reconsideration. The Court will now address the Objection.

---

[1]Although Defendants have not responded to the Objection, the Court is familiar with the issues raised and finds responses to be unnecessary.

### III. PLAINTIFF'S OBJECTION TO ECF NO. 226

#### A. Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

#### B. DISCUSSION

Plaintiff's Motion requests an order directing the Nevada Deputy Attorney General ("NVAG") to facilitate the USMS's effort "to locate new or current addresses of unserved defendants" Jennifer Link, Alisha Fanyo, Mike Willden, Ilene Sanborne-Emmons, and Kathi DelCarlo. (ECF No. 224 at 1.) Judge Cobb denied the Motion, finding that the NVAG undertook an extensive investigation to attempt to identify and locate the five defendants. (ECF No. 226 at 2-4, 7.)  Judge Cobb also explained that Ninth Circuit caselaw places responsibility on an *in forma pauperis* plaintiff—such as Plaintiff here—to provide the USMS with the necessary information to effectuate service. (*Id*. at 5-7.) *See Walker v.*

*Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (holding that the district court did not abuse its discretion in dismissing defendant for failure to effectuate service where plaintiff did not prove he provided sufficient information to serve defendant or that he requested that defendant be served). Judge Cobb further emphasized that "the Ninth Circuit has *not* held that the U.S. Marshal must investigate a potential defendant's current whereabouts." (*Id.* at 6 (emphasis in original).)

Plaintiff essentially objects that NVAG failed to provide the full names and addresses of unserved defendants, and to make a reasonable investigation into their whereabouts. (ECF No. 235 at 4-14.) Even if the Court were to agree with Plaintiff that NVAG was not forthcoming with information or diligent in their investigation, that is not sufficient to show that Judge Cobb abused his broad discretion in denying the Motion. Moreover, Plaintiff has not pointed to any controlling legal authority that indicates Judge Cobb acted contrary to law. In fact, Plaintiff has even said that the case law on this issue is unclear (*id.* at 2) and that the Seven Circuit case he relied on in the Motion[2] is not controlling here (*id.* at 12).

Because the Court cannot find that Judge Cobb clearly erred in denying the Motion, the Court overrules Plaintiff's objection.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the objection and motion before the Court.

It is therefore ordered that the Court construes Plaintiff's notice (ECF No. 246) as a motion for reconsideration and grants the motion.

///

///

---

[2] *Williams v. Werlinger*, 795 F.3d 759 (7th Cir. 2015).

3

It is furthered ordered that Plaintiff's objection (ECF No. 235) is overruled.

DATED THIS 26th day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE