UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY WEST ENTSMINGER, | Case No.: 3:16-cv-00555-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 257 |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion to Extend Time to Serve Defendants Jennifer Link and Alisha Fanyo (ECF No. 257, re ECF Nos. 217 & 258).

The matter of deadlines for service on these two defendants was the subject of rather extensive discussions at this court's motions hearing on September 30, 2020, as reported in the court's minutes at ECF No. 256. As to Defendant Link, the court noted that Chief District Judge Du had already ruled that Plaintiff had thirty days from July 6, 2020, to effect service on Link (ECF No. 217). The court stated that because Link was not served in that time period, "she (Link) should probably be considered dismissed from the action" (ECF No. 256 at 2). The undersigned stated that because of the ruling entered by Judge Du as to Defendant Link, he (Magistrate Judge William Cobb) would not have authority to extend the service deadline as to Defendant Link.

As to Defendant Fanyo, the court observed that no Rule 4(m) "Notice of Intent to Dismiss" had been previously entered for this Defendant but surmised that Plaintiff should anticipate such an order being entered imminently.[1]

However, further anticipating that Plaintiff might undertake another attempt at extending the time period within which Plaintiff has to serve Link (and likely Fanyo as well), the court directed the Office of the Attorney General (OAG) to undertake efforts - as the OAG previously volunteered to do - to attempt to obtain more current addresses for Defendants Link and Fanyo. The OAG was further directed to file a notice within seven days regarding the efforts taken to obtain their last known addresses. (ECF No. 233; ECF No. 256 at 3.)

The OAG has subsequently filed a Notice of Under Seal Submission of Last Known Addresses for Defendants Link and Fanyo (ECF No. 260). As the court had also directed, the OAG also explained its more robust attempts to ascertain current addresses for these Defendants in Defendants' "Notice Regarding Efforts to Locate Addresses for Defendants Link & Fanyo (Pursuant to ECF No. 256)" (ECF No. 261).

By using a "person search service and a public records database," the OAG was apparently able to secure what it was represented as being Fanyo's "current address." (*Id*. at 2.)

As to Defendant Link, the OAG stated that using the same search methods which were successful for Defendant Fanyo were apparently unproductive for Defendant Link. The OAG stated the possible addresses generated by this approach were unconnected to her previous address filed under seal and that none of these possible addresses were associated with "an area where Defendant Link is believed to live" and that Defendant Link was believed to "still live within the

---

[1] A Rule 4(m) notice was indeed entered as to Defendant Fanyo on September 30, 2020. (ECF No. 255.)

2

greater area of the address previously filed under seal (*id.*).  The OAG states it thereupon undertook a "property record search of several counties within the area where she is believed to live," which the OAG stated "yielded a record showing a residence owned by a Jennifer Link." Additional OAG research showed the residence was "owner occupied," suggesting that this indeed may be a more current address for Defendant Link.  Liink's updated address was filed under seal (ECF Nos. 259, 260).[2]

And as further anticipated, Plaintiff has indeed filed another motion to extend time to effect service on Defendants Link and Fanyo (ECF No. 257), which motion has been referred to the undersigned to address. (ECF No. 258.)  In light of the OAG apparently securing more current addresses for Defendants Link and Fanyo, which addresses have been filed under seal with the court (ECF No. 260), Plaintiff's Motion to Extend Time to Serve Defendants Jennifer Link and Alisha Fanyo" (ECF No. 257) is **GRANTED.**  Plaintiff shall be granted an additional thirty (30) days within which to effect service as to these Defendants.

**IT IS FURTHER ORDERED** that the Clerk shall issue summonses for **Jennifer Link** and **Alisha Fanyo** and send the same to the U.S. Marshal with the addresses provided under seal (ECF No. 260).  The Clerk shall also send two (2) copies of the Second Amended Complaint (ECF No. 18), two (2) copies of the court's Screening Order (ECF No. 21), and two (2) copies of

---

[2] The court had not previously been informed by the OAG that it was aware of "an area where Defendant Link is believed to live."  If the OAG had additional information about Link's "residential area", this should have been disclosed during Plaintiff's numerous prior attempts to secure a more current address for Link.  The OAG should have undertaken this more aggressive search for Link's current address after the Link summons was returned "unexecuted" by the U.S. Marshal (ECF No. 193), which would have likely avoided litigation of Plaintiff's motion to have the US Marshal investigate current addresses for these Defendants (ECF No. 226, 235 & 247) and thereafter Plaintiff's motion to unseal the addresses of these Defendants (ECF Nos. 233, 244, 245, 251 & 256), as well as various motions to extend time to effect service (e.g., ECF Nos. 256, 257, 258 & this order).

this order to the U.S. Marshal for service on the Defendants. The Clerk shall also send to Plaintiff two (2) USM-285 forms. Plaintiff shall have until **Friday, October 23, 2020,** to complete the USM-285 service forms and return them to the U.S. Marshal, 400 South Virginia Street, Room 201, Reno, Nevada 89501.

Plaintiff is advised, however, that if the US Marshal is unsuccessful in serving either Defendant Link or Fanyo at the addresses provided by the OAG, then no further extensions will be granted as to the unserved Defendant(s).

**IT IS SO ORDERED.**

Dated: October 8, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4